J-S10041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY CALHOUN | : | |
| | : | |
| Appellant | : | No. 453 WDA 2023 |

Appeal from the PCRA Order Entered March 9, 2023
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000449-2012

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: June 18, 2024**

Gary Calhoun ("Calhoun") appeals *pro se* from the order dismissing his sixth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2011, Calhoun's minor daughter, then eleven years old, disclosed that Calhoun repeatedly touched and rubbed her vaginal area in a circular motion with his fingers, ostensibly so that he could check to see if she was wiping properly.  The Commonwealth charged Calhoun with corruption of minors and related offenses.  In 2013, a jury convicted Calhoun of one count of corruption of minors.  On December 17, 2013, the trial court sentenced Calhoun to a term of twenty-five to fifty years' imprisonment, which included a mandatory twenty-five-year sentence pursuant to 42 Pa.C.S.A. § 9718.2, due to his prior convictions for sexual offenses.  Calhoun filed a direct appeal,

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

and this Court affirmed the judgment of sentence on November 12, 2014. *See Commonwealth v. G.C.*, 113 A.3d 347 (Pa. Super. 2014) (unpublished memorandum). Calhoun did not seek further review by the Pennsylvania Supreme Court.

On January 5, 2015, Calhoun timely filed his first PCRA petition. The PCRA court appointed counsel, who filed an amended petition. The court denied PCRA relief, and this Court affirmed that ruling. *See Commonwealth v. Calhoun*, 154 A.3d 851 (Pa. Super. 2016) (unpublished memorandum). Thereafter, Calhoun filed several unsuccessful PCRA petitions, the most recent being his fifth unsuccessful petition, the denial of which this Court affirmed in July 2022. *See Commonwealth v. Calhoun*, 283 A.3d 404 (Pa. Super. 2022) (unpublished memorandum).

On January 19, 2023, Calhoun filed the instant *pro se* PCRA petition, his sixth. On the pre-printed PCRA form, Calhoun acknowledged that his petition was untimely, but asserted that the timeliness exceptions for governmental interference and a newly recognized constitutional right applied. Calhoun also requested the recusal of the PCRA court judge, Honorable Norman Krumenacker.

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Calhoun did not file a response. The PCRA court determined that the petition was untimely and Calhoun failed to plead or prove any of the PCRA's timeliness exceptions. On March 9, 2023,

the court dismissed the petition. Calhoun timely filed a *pro se* notice of appeal.

Both Calhoun and the PCRA court complied with Pa.R.A.P. 1925(b).

On appeal, Calhoun raises the following issues for our review:

1. Whether the PCRA court erred in dismissing . . . Calhoun's petition without a hearing because the [PCRA] permits a PCRA court to consider an untimely petition that establishes that the failure to discover or develop the ineffective assistance of counsel claim within the one-year period was the result of interference by government officials.

2. Whether the PCRA court erred in dismissing . . . Calhoun's petition without a hearing because the [PCRA] permits an untimely claim (*i.e.*: ineffective assistance of counsel) where the facts upon which those claims are predicated were unknown to . . . . Calhoun and could not have been ascertained by the exercise of due diligence.

3. Whether the PCRA court erred in dismissing . . . Calhoun's motion for recusal because of the production of evidence establishing bias, prejudice or unfairness, creates an appearance of impropriety, which raises a substantial doubt as to [the PCRA judge's] ability to preside impartially.

Calhoun's Brief, 11/27/23, at 6 (unnecessary capitalization omitted).[2]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.

---

[2] On appeal, Calhoun also requests this Court to consider his *pro se* PCRA petition filed on December 18, 2013, as he claims it is still pending and, accordingly, the PCRA court lacked jurisdiction to consider his subsequent PCRA petitions. **See** Calhoun's Brief at 16. However, this Court did not affirm his judgment of sentence on direct appeal until November 12, 2014. Accordingly, the 2013 petition was prematurely filed and, thus, ineligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1).

This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

On November 12, 2014, this Court affirmed Calhoun's judgment of sentence. As Calhoun did not petition the Pennsylvania Supreme Court for allowance of appeal, his judgment of sentence became final upon the expiration of the thirty-day appeal period, on December 12, 2014. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a) (providing a petition for allowance of appeal shall be filed within thirty days after the entry of the order

of the Superior Court). Calhoun then had one year from that date, until December 12, 2015, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As the instant sixth petition was not filed until January 19, 2023, it is patently untimely under the PCRA's one-year time bar.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not

been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if: (1) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (2) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Id*. § 9544(a)(2), (3).

In his first two issues, Calhoun contends that the PCRA court erred by dismissing his petition as untimely filed. As explained above, in his PCRA petition, Calhoun indicated that he intended to invoke both the governmental interference exception and the newly recognized constitutional right exception to the PCRA's one-year time bar. *See* PCRA Petition, 1/19/23, at 3. To demonstrate the governmental interference exception, the petition must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (explaining that the exception requires the petitioner to plead that the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence). To demonstrate a new constitutional right, the petition must plead and prove that the right asserted is a constitutional right recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court, and the right has been held to apply retroactively to cases on collateral review within the previous year. *See*

***Commonwealth v. Spotz***, 171 A.3d 675, 679 (Pa. 2017). Notably, invoking either of these exceptions requires a petitioner to plead and prove that he could not have obtained the information underlying these exceptions more than one year before he filed his petition. ***See*** 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented); ***see also Commonwealth v. Stokes***, 959 A.2d 306, 309-10 (Pa. 2008) (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

In his petition, Calhoun failed to plead or prove that his claim regarding governmental interference was only recently discovered or that he filed the instant petition within one year of such discovery. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***see also Stokes***, 959 A.2d at 309-10. Indeed, Calhoun indicated in his petition that he filed a prior PCRA petition in 2015 raising a claim that his trial counsel was ineffective for failing to raise the instant claim of governmental interference. ***See*** PCRA Petition, 1/19/23, at 3. Thus, as the instant petition reflects that Calhoun was aware of his governmental interference claim since at least 2015, he failed to satisfy the timeliness exception set forth at section 9545(b)(1)(i) by pleading and proving in his petition that he filed it within one year of the date the instant governmental

interference claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

With respect to the newly recognized constitutional right exception to the PCRA's one-year time bar, Calhoun indicated in his petition that he satisfied the timeliness exception set forth in section 9545(b)(1)(iii) based on the Pennsylvania Supreme Court's decision in *Commonwealth v. Baker-Myers*, 255 A.3d 223 (Pa. 2021). *See* PCRA Petition, 1/19/23, at 3. However, the High Court did not recognize any new constitutional right in that decision, let alone one that applied retroactively. Moreover, even if that decision had recognized any new constitutional right which applied retroactively to cases on collateral review, the instant petition was not filed within one year of that decision. Thus, Calhoun failed to satisfy the timeliness exception set forth in section 9545(b)(1)(iii) by pleading and proving in his petition that he was entitled to the benefit of a constitutional right newly-recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court, and that the right has been held to apply retroactively to cases on collateral review within the previous year. *See Spotz*, 171 A.3d at 679.[3]

In his final issue, Calhoun claims that the PCRA court erred in dismissing his petition on the basis that he requested the recusal of the PCRA court judge,

---

[3] In his brief, Calhoun argues that he satisfied the newly-discovered fact exception to the PCRA's one-year time bar; however, he did not assert this timeliness exception in his petition. *See* PCRA Petition, 1/19/23, at 3

Honorable Norman A. Krumenacker. As Calhoun failed to plead or prove any exception to the PCRA's one-year time bar, the PCRA court lacked jurisdiction to consider this issue. Moreover, for Calhoun to be eligible for relief on this issue, he needed to plead and prove by a preponderance of the evidence that this claim has not been previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(3). Our review of the record reveals that Calhoun filed a *pro se* motion for disqualification of the same PCRA court judge in conjunction with his fifth PCRA petition. *See Calhoun*, 283 A.3d 404 (unpublished memorandum at *2). The PCRA court denied the recusal motion and Calhoun appealed the denial order. This Court affirmed the PCRA court's denial of Calhoun's recusal motion. *See id*. (unpublished memorandum at *6). Therefore, because this same recusal issue has been raised and decided in a proceeding collaterally attacking Calhoun's conviction or sentence, it has been previously litigated. *See* 42 Pa.C.S.A. § 9544(a)(3). Thus, even if Calhoun had been able to overcome the untimeliness of his petition, this issue was ineligible for relief under the PCRA. *See id*. § 9543(a)(3).

Having determined that Calhoun's sixth petition was untimely filed and that he failed to plead or prove any exception to the PCRA's one-year time bar, we conclude that the PCRA court lacked jurisdiction to consider it. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 06/18/2024